Larry Wimberly p.92181
CSP-Cor 3B02-114
P.o. Box 3466
Corcoran, California 93212

**FILED**

FEB 1 0 2006

CLERK U S DISTRICT COURT
EASTERN DISTR.CT OF CALIFORNIA
BY _____
DEPUTY CLERK

The United States District Court

Eastern District Of California

CVS 06-289 DFL GGH

| | |
|---|---|
| Larry Wimberly,<br>Plaintiff, | Case No. |
| v.s. | Plaintiff's Complaint for |
| | Violation of Civil Rights |
| County of Sacramento, Political | and Demand for Jury |
| Subdivision of the State of California; | Trial. |

Sacramento County Sheriff's Department,
A Political Subdivision of the County Of
Sacramento; Sheriff Lou Blanas, Assistant
Sheriff (Name Unknown Doe 1), James Cooper
facility Commander, Lt. Powell Assistant
facility Commander, J. Ackerman #25, Lt. T. Petric #18,
Deputies D. Wiedman #799, J. Ilaga #1124, G. Gocff #2512,
AllBee and AlBright; and Defendants and each of Them
are sued in their individual and Official Capacities;
Does 1-10 individually and Offical Capacities, Inclusive.
Defendants,

## Jurisdiction and Venue

1. This action arises under the United States Constitution and the Civil Rights Act pursuant to 42 U.S.C. section 1983 and the First, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction of this Court is invoked under 28 U.S.C. sections 1931, 1941, and 1943, and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

2. Venue is founded in this Judicial District upon 28 U.S.C. section 1391 as the acts complained of arose in this District.

## General Allegations

3. At all times herein mentioned, Plaintiff was a citizen of the United States, residing within the County of Sacramento, State of California, and was a pretrial detainee in the Sacramento County Main Jail.

4. At all times herein mentioned, Defendant County of Sacramento is a municipal entity and a "person" within the meaning of 42 U.S.C. section 1983.

5. At all times herein mentioned, Defendant Sacramento County Sheriff's Department is a municipal subdivision and a "person" within the meaning of 42 U.S.C. section 1983.

6. At all times herein mentioned, Defendant Lou Blanas Sheriff, Assistant Sheriff (Name unknown), James Cooper Facility Commander, Lt. Powell Assistant Facility Commander, Deputies Lt. T. Petrie #18, J. Ackerman #25, D. Wiedman #799, J. Ilaga #1124, G. Goeff #2512, AllBee and AlBright, and Docs 1-10, were duly appointed and acting as deputies for the County of Sacramento,

1. employed as such by the County of Sacramento, and were at all material
2. times acting under the Color of State law and as the employee, agent,
3. and representative of every other defendant.

4. 7. At all times herein mentioned, Defendant Lou Blanas (hereinafter "Blanas")
5. was duly appointed and acting as the Sheriff for the County of Sacramento,
6. employed as such by the County of Sacramento, and was at all material
7. times acting under Color of State law and was the employee, agent, and
8. representative of every other defendant. At all times relevant, Defendant
9. Blanas was the commanding officer of the Defendant Deputies, and each
10. of them, including, but not limited to Assistant Sheriff (name unknown),
11. Deputies AlBright and AllBee, Wiedman, Ilaga, and Goeff, Sheriff Captain
12. Docs 1-2, Sheriff Lieutenant Does 3-4, Sheriff Sergeant Docs 5-6, Deputy
13. Docs 7-8, and Sheriff Employee Docs 9-10, and was responsible for their
14. screening, training, supervision, and conduct. Defendant Blanas was re-
15. sponsible by law for enforcing the regulations of the County of Sacramento
16. Sheriff's Department and for ensuring that the deputies under his super-
17. vision obey the laws of the State of California and of the United States.
18. 8. At all times herein mentioned, Defendant Assistant Sheriff name
19. unknown (hereinafter Does 1) was duly appointed and acting as the
20. Assistant Sheriff, in command of all Jail facilities for the County of
21. Sacramento, employed as such by the County of Sacramento, and was at
22. all material times acting under Color of State law and as the employee,
23. agent, and representative of every other defendant. At all relevant
24. times, Defendant Docs 1 was the commanding officer, below Defendant
25. Blanas, of the defendant Deputies, and each of them, including, but not
26. limited to Deputies AlBright, AllBee, Wiedman, Ilaga, and Goeff, Sheriff
27. Captain Docs 1-2, Sheriff Lieutenant Docs 3-4, Sheriff Sergeant Docs 5-6,
28. Deputy Docs 7-8, and Sheriff employee Docs 9-10, and was responsible

1  for their screening, training, supervision, and conduct. Defendant "Doe"
2  was responsible by law for enforcing the regulations of the Sacramento
3  County Sheriff's Department and for ensuring that the deputies under
4  his supervision obey the laws of the State of California and of the
5  United States.

6  9. At all times herein mentioned, Defendant Deputies Albright, AllBee, James
7  Cooper, Powell, J. Ackerman #25, T. Petric #18, D. Wiedman #799, J. Ilago #1124,
8  and G. Goeff #2512, were duly appointed and acting as deputies for the
9  County of Sacramento, employed as such by the County of Sacramento,
10  Sacramento County Sheriff's Department, and are generally responsible for
11  maintaining the operations of the County Custodial facilities, including, the
12  custody, care, supervision, security, movement, Classification and transportation
13  of inmates and are responsible by law for enforcing and obeying the reg-
14  ulations of the County of Sacramento Sheriff's Department, and the laws of
15  the State of California and of the United States.

16  10. By reason of the Defendant's conduct and each of them, the Plaintiff
17  was deprived of rights, privileges, and immunities secured to him by the
18  First, Eighth, and Fourteenth Amendments of the United States Constitution
19  and laws enacted thereunder.

20  11. At all relevant times, each and every Defendant, including Does 1-10, are
21  sued in their official and individual capacities.

22

23                          Factual Allegations

24

25  12. On December 31, 2002, Plaintiff was booked into the Sacramento County
26  Main Jail, located at 651 I Street, Sacramento California 95814.

27  13. Immediately upon arriving at the Jail Plaintiff was interview by
28  Jail staff in reference to housing.

14. Plaintiff in Jail Classification requested to be celled with a different race, and the request was denied, Plaintiff was forced to double cell with "blacks only". Classification staff cited that "it was their discretion of how housing was to be designated.

15. Plaintiff was forced to comply with defendants unwritten segregationist Policy, Custom and practice for about 1 year, starting immediately upon Plaintiff's arrival at the Jail as a pretrial detainee, until his subsequent conviction and transfered to state prison.

16. Plaintiff from January 2002 through December 8, 2003 made numerous request to Commander James Cooper and acting facility commander Lt. Powell to be celled with a different race other than blacks, and never recieved a response or inquiry to my request.

17. On or about November 5, 2003, Inmate Sutter Nyugen a location requested to be celled up with the plaintiff, both parties agreed to the cell agreement, inwhich Nyugen was told by Deputy AllBee "why do you want to cell up with one of them people" then stated that "it wasn't going to happen."

18. Plaintiff, In April and November 2003 filed grievances alleging discriminatory practices of segregation, housing black inmates toge-ther only, Defendants have failed or refuse to respond to the grievances.

19. Plaintiff was a pretrial detainee in April 18, 2000 and subjected to the identical unwritten segregationist policy, custom and practice of housing "blacks together only."

20. Defendants', and each of them, refuse to file, process, investigate, or inquire into any of Plaintiff's request and grievance expressing racial concerns.

21. Plaintiff is informed, believes, and alleges that Defendants' subjected him to their unwritten segregationist policy, custom and practice be-

1 | Cause he is African American and a suspect Class.

2 | 22. Plaintiff is informed, believes, and alleges that Defendants' unwritten

3 | Segregationist policy, custom and practice were the moving force and

4 | catalysis behind the defendant's refusal to file, process, investigate or

5 | inquire to Plaintiff request and grievances concerning segregation.

6 | 23. Plaintiff is informed, believes, and alleges that Defendants unwritten

7 | Segregationist policy, custom and practice were not narrowly tailored

8 | measures that advanced any legitiment governmental objective.

9 | 24. By reason of Defendants threatening and retaliating against through

10 | false disciplinary actions did not support or advance any penological

11 | objective but to deter plaintiff from voicing concerns and submitting

12 | future grievances.

13 | 25. Plaintiff is informed, believes, and alleges that the fabricated disc-

14 | iplinary report recieved from Deputy Ilaga on 9-8-03 was an act

15 | of conspiracy with other defendant's to cease the voice of the

16 | plaintiff for free exercise and concerns.

17 | 26. While in the Jail the Plaintiff had an scalp infection and recieved

18 | improper treatment from the infection, suffering pain, humiliation,

19 | irreparable damages and suffering lifetime scaring from the defendants

20 | negligence.

21 | 27. Sacramento County and its agents denied Plaintiff and facility

22 | Doctors request and recommendation for a Dermatologist, delaying

23 | treatment of the infected scalp area.

24 | 28. Plaintiff consistently complaind to Jail officials and filed grievances

25 | of the denial of medical treatment. A Sacramento County Superior

26 | Court, Judge Jane Ure noticed the infected scalp and ordered the

27 | Defendants to properly treat the infection.

28 | 29. After the Judges inquiry the plaintiff was taken to the hospital

in Stockton California to a Dermatologist under contract with Sacramento County. The dermatologist recommended cosmetic surgery to the damaged area. Jail officials denied and overruled the dermatologist prescribed treatment, contending waite to Plaintiff gets to state prison to get the surgery.

30. Plaintiff was harassed and humiliated, made fun of by defendant deputies about his scalp area. Deputy B. Wiedman stated to the Plaintiff that he had a face on the back of his head, Deputy allbee disrespected the plaintiff issuing offending insertions as referring to the plaintiff as "Patches" and contended that the scalp looked like a monkeys ass.

31. Plaintiff complained to Lt. T. Petrie and recieved no rectification of the humiliation and harassment.

32. Defendants' Albright and Goeff over the Jail intercom addressed the plaintiff as a coon and buckwhrat after being aduised of the censoring of the plaintiffs mail.

33. Plaintiff is informed, believes, and alleges, Defendants, and each of them, displayed deliberate indifferences and a reckless disregard for plaintiffs health when confronted with a serious medical need.

34. Plaintiff is informed, believes, and alleges that Defendant deputies, and each of them possess: invidious discriminatory animus and it was this animus toward African Americans and the plaintiff that allowed the plaintiff to be harassed and humiliated for the deputies entertainment.

35. As a result of the Defendants' class base animus, denial of proper medical treatment and indifference, harassment, and humiliation by defendant deputies

36. The plaintiff has suffered and will continue to suffer injuries includ-

ing but not limited to severe pain, lifetime abrasions, harassment, humiliation, indignities, great physical, mental, and emotional pain and suffering.

37. Plaintiff is informed, believes, and alleges Defendants overruled, obstructed and interferred with medical treatment after being confronted with a serious medical need.

38. Plaintiff is informed, believes, and alleges Defendants' unwritten segregationist policy, custom and practices of forcing blacks inmates including plaintiff to be doubled cell'd with "blacks only" were not narrowly tailored measures that advanced any legitimate governmental objective, and was the moving force and the catalysis behind Plaintiff's federally protected rights under inter alia, the First, Eighth and Fourteenth Amendments being violated.

39. By defendants' conduct, and each of them, Plaintiff was deprived of rights, privileges and immunities secured to him by the First, Eighth, and Fourteenth Amendment of the United States Constitution and laws enacted thereunder.

40. Plaintiff in no way consented to defendants' acts of double celling "blacks only", harassment, humiliation and indifference to medical treatment.

41. By committing the afore described acts, the defendants' and each of them, conspired to and violated Plaintiff's federally protected rights, inter alia, the First, Eighth, and Fourteenth Amendments of the United States Constitution.

41. These aforementioned, acts and omissions of the defendants', were willful, wanton, malicious, oppressive, vexatious, deliberate and done with a reckless disregard to and callous disregard for plaintiff's rights and justify an award of exemplary and punitive damages.

page 8

## Count One

### Violation Of Civil Rights 42 U.S.C. sect. 1983, First Amendment
### Right to Petition The Government For Redress Of A Grievance.
### And Retaliation

### (By Plaintiff Against All Defendants)

43. Plaintiff hereby incorporates and realleges paragraphs 1 through 42 of this complaint as fully set forth at this place.

44. In committing the acts set forth in paragraphs 1 through 42 of this complaint, Plaintiff is informed, believes, and alleges that Defendants James Cooper, Powell, J. Ackerman, T. Petric, and Sheriff Assistant (Doe 1), and each of them, denied Plaintiff the right to petition his grievances, by refusing to file, process, or investigate any of his claims, and retaliations for submitting such grievances of segregation, harassment, humiliation, and discriminatory insertions, by refusing to intervene and protect plaintiff.

45. Plaintiff is informed, believes, and alleges that being forced to cell with "blacks only" was the catalysis for the defendants conduct and each of them.

46. Plaintiff is informed, believes, and alleges that the complaining conduct be was engaged in was the motivating factor for the defendants' conduct, and each of them, and the defendants' acts and omissions, and each of them, did not advance or support any legitimate penological objective.

47. By reason of Defendants' conduct, and each of them, Plaintiff was deterred and suffered a chilling effect from submitting any future grievances.

48. By committing the acts set forth in paragraphs 1 through 42 of this complaint, Plaintiff is informed, believes, and alleges that defendants' unwritten Segregationist Policy, Customs and practices of forcing black inmates, including Plaintiff to double cell with "Blacks only" was the moving force and the catalysis behind defendants' acts and omissions, and each

page 9.

1  of them, as described herein above.

2  49. As a result of the aforesaid acts of defendants', Plaintiff has become

3  mentally upset, distressed and Aggravated. By reason of the afore described

4  acts and omissions of defendants, and each of them, Plaintiff sustained

5  massive physical and emotional injuries, including, but not limited to,

6  severe pain, abrasions, lifetime scaring, humiliation, indignities and great

7  physical, mental, and emotional pain and suffering. Plaintiff claims general

8  damages for such mental distress and aggravation.

9  50. The aforementioned acts of defendants', and each of them, were

10  willful, wanton, malicious, oppressive, vexatious, deliberate, and done with

11  a reckless indifference to and/or callous disregard for Plaintiffs' rights

12  and justify an award of exemplary and punitive damages.

13

14                    Count Two

15          Violation of Civil Rights 42 U.S.C. sect. 1983 Eighth Amendent

16          Denial of Proper Medical treatment, Confronted with a Serious

17          Medical

18          (By Plaintiff Against Administrative Defendants)

19  51. Plaintiff hereby incorporates and realleges paragraphs 1 through 42 of

20  this complaint as fully set forth at this place.

21  52. In committing the acts set forth in paragraphs 1 through 42 of this

22  complaint, Plaintiff is informed believes, and alleges that defendants

23  Lou Blanas, Assistant Sheriff (Name unknown Doe 1), James Cooper, and Powell,

24  and each of them, displayed deliberate indifference and a reckless disre-

25  gard for plaintiff's health, by refusing to file, process, and approve the

26  prescribed treatment for plaintiffs infected scalp area and responding

27  to plaintiff's health concerns. Defendants statement waits to plaintiff

28  get to State prison to acquire proper treatment, delayed the healing

1 process and the infection advanced beyond curing. Plaintiff's medical
2 care, despite his obvious injuries and in disregard to pleas by plaintiff
3 and diagnosed treatment by doctors, the defendants' and each of the
4 refused to approve said treatment to administer proper medical care.
5 53. Defendants acts as described herein above, were unnecessary, un-
6 reasonable, unwarranted, and constituted cruel and unusual punishment
7 and was therefore, in violation of Plaintiff's Eighth Amendment rights.
8 Further, the failure of defendants', and each of them, to properly treat
9 Plaintiff's serious medical needs was in deliberate indifference and
10 Conscious disregard to Plaintiff's serious medical need.
11 54. By committing the acts set forth in paragraphs 1 through 42 of this
12 complaint, Plaintiff is informed, believes, and alleges that plaintiff's com-
13 plaints and grievances to Defendants' unwritten Segregationist pla
14 policy, customs and practices of forcing blacks to cell only with blacks,
15 was the moving force and the catalysis behind defendants acts and
16 omissions, and each of them, as described hereinabove.
17 55. As a result of the aforesaid acts of defendants', Plaintiff has became
18 mentally upset, distressed and aggravated. By reason of the afore described
19 act and omission of defendants, and each of them, Plaintiff sustained
20 massive physical and emotional injuries, including, but not limited to,
21 severe pain, life long abrasions, humiliations, indignities and great
22 physical, mental and emotional pain and suffering, plaintiff continues
23 to suffer from the defendants denial of proper treatment. Plaintiff
24 claims general damages for such mental distress and aggravation.
25 56. The aforementioned acts of defendants', and each of them, were
26 willful, wanton, malicious, oppressive, vexatious, deliberate, and done
27 with a reckless indifference to and/or callous disregard for plaintiff's
28 rights and justify an award of exemplary and punitive damages.

| | |
|---|---|
| 1 | <u>Count Three</u> |
| 2 | <u>Negligence</u> |
| 3 | <u>(By Plaintiff Against All Defendants)</u> |
| 4 | 57. Plaintiff hereby incorporates and realleges, paragraphs 1 through 42 of this |
| 5 | complaint as fully set forth at this place. |
| 6 | 58. By committing the aforesaid acts and omissions, Defendants, and each of |
| 7 | them, fell below the reasonable standard of care for law enforcement, |
| 8 | under the exigency of the circumstances. Defendants, and all of them, |
| 9 | did not acts as reasonably prudent law enforcement individuals. |
| 10 | Defendants', and each of them, breached their duties of care and peace |
| 11 | officers ethics by disregarding the high probability that their conduct |
| 12 | would likely result in massive physical injury and/or emotional distress, |
| 13 | shock, humiliation, and anguish to plaintiff. Defendants' acts were un- |
| 14 | reasonable under the circumstances. |
| 15 | 59. By doing the above said acts, in disregard for the probable consequences, |
| 16 | Defendants, and each of them, allowed the infection that the plaintiff to |
| 17 | spread massively, cause lifetime scaring, and emotional distress upon |
| 18 | Plaintiff, Such delays and denial of proper treatment was a substantial |
| 19 | factor in causing injury and damage to plaintiff as set forth above. |
| 20 | 60. Plaintiff alleges that defendants, and each of them, were the provi- |
| 21 | mate or conspiratol cause of plaintiff injuries and physical and |
| 22 | mental damages. By reason of the afore described acts and omissions |
| 23 | of defendants, and each of them, Plaintiff sustained massive unreppa |
| 24 | rrable physical and emotional injuries, including, but not limited to |
| 25 | severe pain, abrasions, lifetime scaring, humiliation, indignities and |
| 26 | great physical, mental, and emotional pain and suffering |
| 27 | 61. Plaintiff claims general damages for such mental distress and |
| 28 | aggravation. |

62. The individual Defendants' while acting in the scope of their authority as an agent and employee's of defendants, County of Sacramento, Sacramento County Sheriffs Department, proximately caused damage to plaintiff's scalp through their invidious discriminatory and class base animus, the negligent decisions, denial of medications and Surgery and selective denial of Administrative and medical services.

63. By reason of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff did and will in the future continue to incur doctor, medical, pharmaceutical, and incidental expenses.

Count Four

Intentional And Negligent Infliction OF

Emotional Distress

(By Plaintiff against All Defendants)

64. Plaintiff hereby incorporates and realleges paragraphs 1 through 42 of this complaint as fully set forth at this place.

65. Defendants, and each of them, did each Knowingly, outrageously, willfully, intentionally, carelessly, in reckless disregard of the impact upon and consequences to plaintiff and/or negligently, engaged in the acts and omission described and alleges above, in the presence and view of plaintiff, and by reason thereof, Plaintiff suffered and continues to suffer humiliation, severe mental, and emotional pain, upset, distress, torment, anguish, anxiety, bleeding, and depression, all to Plaintiff's condition.

66. As a result of the aforesaid acts of defendants, Plaintiff has become mentally fustrated, distressed and aggravated. By reason of the afore described acts and omissions of defendants', and each of them, Plaintiff sustained massive physical and emotional injuries, including, but not limited to, bleeding daily, severe pain, abrasions, lifetime

page 13.

1 | Scaring, humiliation, indignities and great massive physical, mental,
2 | and emotional pain and suffering all to his damaged scalp area.
3 | Plaintiff claims general damages for such mental distress and aggrav-
4 | ation.
5 | 67. By reason of the aforesaid acts and omissions of defendants,
6 | and each of them, Plaintiff did and will in the future continue to incur
7 | doctor, medical, pharmaceutical, and incidental expenses.
8 | 68. The aforementioned acts of defendants, and each of them, were
9 | willful, wanton, malicious, oppressive, vexatious, deliberate, and done
10 | with a reckless indifference to and/or callous disregard for Plaintiff's
11 | rights and justify an award of exemplary and punitive damages.
12 |                          Count Four Five
13 |               Violation of Civil Rights 42 U.S.C. sect. 1983, Fourteenth
14 |               Amendment, Equal Protection, Liberty Interest and Due.
15 |               Process Violations.
16 |                    (By Plaintiff Against All Defendants)
17 | 69. Plaintiff hereby incorporates and realleges paragraphs 1 through 42 of
18 | this complaint as fully set forth at this place.
19 | 70. In committing the acts set forth in paragraphs 1 through 42 of this
20 | complaint, Plaintiff is informed, believes, and alleges that the defendants
21 | unwritten segregationist policy, customs and practices of forcing black
22 | pretrial detainees, including Plaintiff to double cell with blacks only,"
23 | were not narrowly tailored measures that advanced any legitimate
24 | penological/governmental objective and was the moving force and the
25 | catalysis behind Plaintiff's Equal Protection, Liberty Interest and
26 | Due Process violations.
27 | 71. In committing the acts set forth in paragraphs 1 through 42 of
28 | this complaint, Plaintiff is informed, believes, and alleges that

1  Defendants' unwritten Segregationist policy, customs and practices was
2  the moving force and the catalysis behind Defendants, and each of them,
3  displaying deliberate indifferences, class base animus and selectively
4  denying Plaintiff Administrative and proper medical services.
5  72. By reason of Defendants conduct, and each of them, Plaintiff was
6  deprived of rights, privileges, and immunities secured to him by the
7  Fourteenth Amendment of the United States Constitution.
8  73. Plaintiff is informed, believes, and alleges that defendants acts and
9  omissions as alleged hereinabove, was motivated because Plaintiff
10 is an African American and suspect class.
11 74. Defendant's conduct, and each of them, as herein alleged constituted:
12 i) intentional acts and/or omissions done,
13 ii) Under Color of law of one or more statutes and/or regulations, customs,
14 practices, and usages of the State of California that
15 iii) caused the deprivation of Plaintiff's federally protected rights as
16 herein alleged and
17 iv) caused damages and grievous massive injury to plaintiff's scalp.
18 75. As a result of the aforesaid acts of defendants, Plaintiff has become
19 mentally upset, distressed, and aggravated. By reason of the aforedescribed
20 acts and omissions of defendants, and each of them, Plaintiff sustained
21 massive physical and emotional injuries, including, but not limited to
22 severe pain, abrasions, humiliation, indignities and great physical,
23 mental and emotional pain and suffering. Plaintiff claims general
24 damages for such mental distress and aggravation.
25 76. The aforementioned acts of defendants, and each of them, were
26 willful, wanton, malicious, oppressive, vexatious, deliberate and done
27 with a reckless indifference to and/or callous disregard for Plaintiff's
28 rights and Justify an award of exemplary and punitive damages.

<u>Count Six</u>

<u>Violation of Civil Rights Municipal Liability 42 U.S.C. sect.</u>

<u>1983 (Against Defendants County of @ Sacramento,</u>

<u>Sacramento County Sheriff's Department, Sheriff</u>

<u>Lou Blanos and Assistant Sheriff Name unknown)</u>

77. Plaintiff hereby incorporates and realleges paragraphs 1 through 42 of this complaint as though fully set forth at this place.

78. In committing the acts set forth in paragraphs 1 through 42 of this complaint, Plaintiff is informed, believes, and alleges that Defendants unwritten segregationist policy, customs and practices of forcing Pre-trial detainee's, including Plaintiff to be doubled celled with "Blacks only" were not narrowly tailored measures that advanced, or supported any legitimate governmental objective and was the moving force behind Plaintiff's 42 U.S.C. sect. 1983 Civil Rights violations.

79. Defendant's County of Sacramento, Sacramento County Sheriff's Department, Lou Blanos Sheriff, Assistant Sheriff Name unknown, and each of them, Knowingly, with gross negligence, and in deliberate indifference to the constitutional rights of African American citizens, maintains an official unwritten policy, customs and practices of permitting the occur-rences of the types of wrongs set forth hereinabove. This unwritten policy, customs and practice and usage encouraged, tolerated and ratified the employment, deployment, and detention of persons as peace officers, who are unsuitable due to bias, animus, prejudice, and/or with a propensity for manifesting extreme hatred class base animus, cruelty, dishonesty toward and upon all African Americans, the suspect class and other disfavored minorities, with whom they come in con-tact in the course of their duties as peace officers and County em-ployees. Defendants County of Sacramento, Sacramento County

1 | Sheriff's Department, Lou Blanas and Assistant Sheriff, and each of
2 | them, failed and refused to take the necessary precautions which if
3 | implemented would have prevented the deprivation of Plaintiff's
4 | federally protected rights as alleged above, including, but not limited
5 | to the following:
6 | i) Toleration and implicit condonation of forcing black inmates, including
7 | Plaintiff to be double celled with "Blacks only"
8 | ii) Toleration and implicit condonation of abusing and humiliation of
9 | african American and other minorities
10 | iii) Toleration and implicit condonation of selectively denying African
11 | Americans and other minorities administrative and proper medical treatment.
12 | iv) Toleration and implicit condonation of filing false disciplinary report.
13 | x) Failure to conscientiously and competently hire, screen, train, monitor,
14 | Supervise, retrain, discipline and where necessary terminate its sheriff's
15 | deputies and employees
16 | vi) Toleration of a code of silence, among its sheriff deputies and employees,
17 | where they refrain from testifying about and reporting misconduct by fellow
18 | officers/employees in order to protect individuals deputies and employees
19 | and avoid criminal, civil and administrative consequences for the
20 | individual and respective municipal entities,
21 | vii) Failure to conduct thorough, fair, and adequate administrative invest-
22 | igations of incidents, involving African Americans and other minorities,
23 | as to ensure the observation of citizen's rights, corred intentional and/or
24 | negligent misconduct and/or correct bad decisions making judgments and/or
25 | tactics.
26 | viii) Failure to comply with administrative rules designed to ensure
27 | thorough, fair, and adequate administrative investigations and comply
28 | with the requirements of state law, including California Penal Code sect 832.5

and 832.7.

80. Defendants County of Sacramento, Sacramento County Sheriff's Department, Lou Blanos, Assistant Sheriff, and each of them, failed to take the necessary precautions, which if implemented -- would have prevented the deprivation of Plaintiff's federally protected rights as alleged above, including, but not limited to, the deliberate indifference training of it's officers, relating to the forcing of black inmates, including Plaintiff to be doubled celled with blacks only," the failure to investigate grievances filed by African Americans, the suspect class and other minorities, the failure to train deputies and employees the prohibition of humiliation of a person under their charge, the failure to train deputies and employees when confronted with a serious medical need, the failure to train deputies and employees in the prevention of fellow deputies and employees from violating the rights of African Americans, the suspect class and other minorities, the express and/or tacit encouragement of police misconduct, the ratification of misconduct, and the failure to conduct adequate investigation of police misconduct, such that future violations do not occur. Plaintiff is informed, believes, and alleges that Defendants unwritten segregationist policy, customs and practices, were the moving force and catalysis behind the violation of Plaintiff's rights. Based upon the principles set forth in Monell vs. New York City Department of social Services, the County of Sacramento, Sacramento County Sheriff's Department, Lou Blanos Sheriff, assistant Sheriff, and each of them, are liable for all of the compounded injuries/abrasions sustained by Plaintiff as set forth above.

81. Defendants, County of Sacramento, Sacramento County Sheriffs Department, Lou Blanas, assistant Sheriff, and each of them, had the power and authority to enact legislation, adopt policies, prescribe

rules and regulations, customs, usages, and practices affecting the operation of the Sacramento County Sheriff's Department. In particular, Defendants possessed the power to prescribe the customs of the departments housing dealing with African Americans, the suspect class and other minorities, its hiring, training, supervision, and disciplinary practices and the departments tolerence of forcing black inmates, including plaintiff to double cell with "blacks only" and their false reports of rule violations. Defendant County also possessed the power and authority to prescribe the practice of retaliation for privileged communication by members of the public with the Department, the Police Commission, and others regarding misconduct committed by sworn deputies of the department against African Americans, the suspect class and other minorities, with the County of Sacramento, and continuing failure to cease and desist from its segregationist practice, customs, and policy and its failure to objectively and thoroughly investigate crimes committed by its own rank and file.

82. As a result of the aforesaid acts of defendants, Plaintiff has become mentally upset, distressed, and aggravated. By reason of the aforedescribed acts and omissions of defendants, and each of them, Plaintiff sustained massive physical, mental and emotional scaring, including, but not limited to, severe pain, abrasions, lifetime scaring, humiliation, indignities, and great massive physical, mental and emotional pain and suffering.

83. By reason of the aforesaid acts and omissions of defendants, and each of them, Plaintiff will in the future incur doctor, medical, pharmacutical and other incidental expenses.

84. The aforementioned acts of defendants, and each of them, were willful, wanton, malicious, oppressive, vexatious, deliberate and done

with a reckless indifference to and/or callous disregard for Plaintiff's rights and justify an award of exemplary and punitive damages.

## Damages

Wherefore, Plaintiff prays for Judgment against the Defendants, and each of them, as follows:

As to each cause of action as applicable:

1. General Damages in the sum of Two million Dollars $2,000,000.00,

2. Compensatory Damages in the sum of Five million Dollars $5,000,000.00,

3. Special Damages in the sum of Five Million Dollars $5,000,000.00,

4. Exemplary/Punitive Damages in the sum of Ten million $10,000,000.00,

5. For penalties and fee's pursuant to Civil Code sect. 52(b)(1) and 52(b)(3),

6. For Attorney fees pursuant to 42 U.S.C. sect. 1988,

7. For Cost of Suit herein,

8. For interest as prescribed by law,

9. For punitive damages pursuant to Penal Code sect. 149,

10. Declaratory Judgement that Defendants acts and their unwritten segregationist policy, customs and practices, as described herein, violated Plaintiff's Federally protected rights, under the United States Constitution,

11. Injunctive Relief, an injunction demanding that Defendants, their successors in office, agents, employees and all other person in active concert and participation with them, cease and Desist from the following:

(a) forcing black inmates to double cell with "Blacks only",

(b) Cease all retaliation acts against African Americans,

12. That Defendants be held responsible for cost of Plaintiff's cosmetic surgry.

13. For any other such relief as the court deems proper,

## Demand for Jury Trial

14. Plaintiff hereby demands a trial by Jury.

## Verification

I, the undersigned state that I am the Plaintiff in this action, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Date: 2·2·06                    Respectfully Submitted

                                Bonny Wimberly
                                Plaintiff in Pro. Per