IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY WIMBERLY,

      Plaintiff,                           No. CIV S-06-0289 DFL GGH P

    vs.

SACRAMENTO COUNTY, et al.,

      Defendants.                   <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Named as defendants are Sacramento County, Sacramento County Sheriff's Department, Sheriff Blanas, James Cooper, Lieutenant Powell, J. Ackerman, T. Petrie, D.

Wiedman, J. Ilaga, G. Geoff, and Deputies Allbee and Albright. Plaintiff's complaint contains four claims alleging violation of the United States Constitution and two claims alleging state law violations

In claim one, plaintiff appears to claim that defendants Cooper, Powell, Ackerman and Petrie retaliated against him for filing grievances by failing to process his grievances.

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)(citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).. Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

In support of his retaliation claim, plaintiff alleges that on December 31, 2002, he was booked into the Sacramento County Jail. Plaintiff, who is African American, requested to be housed with inmates who were not African American. The classification staff told plaintiff that it was within their discretion regarding how housing was designated and housed plaintiff with an African American inmate. Plaintiff alleges that defendants were following an unwritten "segregationist" policy of requiring inmates of the same race to be housed together.

Plaintiff goes on to allege that from January 2002 through December 2003 he made numerous requests to defendant Cooper to be housed with a different race, but received no

response. Plaintiff alleges that in April 2003 and November 2003 defendants refused to respond to his grievances regarding the discriminatory policy. Plaintiff also alleges that defendant Ilago filed false disciplinary charges against plaintiff in retaliation for his filing of grievances.

Other than his conclusory allegations, plaintiff does not allege any specific facts in support of his retaliation claim. Plaintiff does not specifically identify the defendants who refused to respond to his grievances in April 2003 and November 2003. Nor does plaintiff allege any specific facts demonstrating that these unidentified defendants were motivated by retaliation when they ignored his grievances. While plaintiff alleges that defendant Ilago was motivated by retaliation when he filed false disciplinary charges, plaintiff alleges no facts to support this claim other than his conclusory assertion. Plaintiff does not identify the false disciplinary charges nor the outcome of the disciplinary proceedings. Nor does plaintiff allege any facts suggesting that defendant Ilago was motivated by retaliation. For these reasons, plaintiff's retaliation claims are dismissed with leave to amend.

In claim two, plaintiff alleges that he was denied adequate medical care for a scalp infection. In support of this claim, plaintiff alleges that he constantly complained to jail staff about this infection. Plaintiff alleges that prison officials took plaintiff to see a dermatologist after a Superior Court judge ordered them to. Plaintiff also claims that prison officials refused to follow the treatment prescribed by the dermatologist.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

4

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has not linked any defendant to his claim alleging inadequate medical care. Plaintiff does not allege, for example, that any specific defendant refused to follow the orders of the dermatologist. For these reasons, this claim is dismissed with leave to amend.

In claim five, plaintiff alleges that defendants' unofficial policy of requiring inmates of the same race to be housed together violated the Equal Protection Clause. In claim six, plaintiff alleges that defendants Sacramento County, Sacramento Sheriffs Department and Sheriff Lou Blanas are "municipally" liable for this policy.

A policy requiring inmates of the same race to house together states a colorable Equal Protection claim. See Johnson v. California, 543 U.S. 499, 125 S.Ct. 1141 (2005).

Section 1983 provides a cause of action against any "person" who, under color of law, deprives any other person of rights, privileges, or immunities secured by the Constitution or laws or the United States. The term "person" includes municipalities. Monell v. Dep't. of Social Serv. of N.Y., 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). A municipality cannot, however, "be held liable under § 1983 on a respondeat superior theory." Id. at 691, 98 S.Ct. 2018. Liability may attach to a municipality only where the municipality itself causes the constitutional violation

1 through "execution of a government's policy or custom, whether made by its lawmakers or by
2 those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at
3 694, 98 S.Ct. 2018.

4 Plaintiff has plead sufficient facts to state a colorable claim against defendants
5 Sacramento County, Sacramento Sheriff's Department and Lou Blanas for violation of his right
6 to Equal Protection based on their alleged implementation of a policy requiring inmates of the
7 same race to be housed together.

8 Plaintiff does not allege that any of the other defendants implemented this policy
9 as to plaintiff. Plaintiff has not, for example, named as a defendant any member of the
10 classification committee who initially denied his request to be housed with a non-African
11 American inmate. Accordingly, the court finds that the only defendants against whom plaintiff
12 has stated a colorable Equal Protection claim are Sacramento County, Sacramento Sheriff's
13 Department and Lou Blanas.

14 Plaintiff also alleges that defendants Sacramento County, Sacramento Sheriff's
15 Department and Lou Blanas generally tolerated a climate of racial discrimination against African
16 American inmates which included inadequate medical care, the filing of false disciplinary
17 reports, a code of silence which prohibited staff from testifying regarding racial incidents, and the
18 failure to investigate claims filed by African Americans. Plaintiff does not provide any specific
19 facts in support of this claim. For example, plaintiff alleges no facts suggesting that his failure to
20 receive adequate medical care was motivated by racial discrimination. Other than his conclusory
21 assertion, plaintiff alleges no facts demonstrating that the jail officials who refused to investigate
22 his grievances were motivated by racial discrimination. Because this claim is vague and
23 conclusory, it is dismissed with leave to amend.

24 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
25 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
26 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms

6

how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against all defendants but for defendants Sacramento County, Sacramento Sheriff's Department and Lou Blanas regarding a racially discriminatory housing policy, are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

/////

/////


      4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 6/2/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wim289.b1