IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY WIMBERLY,

      Plaintiff,                              No. CIV S-06-0289 JAM GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

      Defendants.                          ORDER

_____/

        Pursuant to the August 27, 2008, order by the district court, this action is now set for an evidentiary hearing in order to determine whether plaintiff exhausted his administrative remedies. The court now makes the following findings and orders in regard to the evidentiary hearing.

        A.  <u>Witnesses</u>

        On or before twenty days prior to the hearing the parties shall provide witness lists.

        Each party may call any witnesses designated by the other.

        1. No other witness will be permitted to testify unless:

                a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated

1

      prior to the evidentiary hearing.

      b. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in "2," below.

2. Within the twenty day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

      a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

      b. The court and the opposing party were promptly notified upon discovery of the witnesses;

      c. If time permitted, the party proffered the witnesses for deposition; or

      d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

B. <u>Exhibits, Schedules and Summaries</u>

Both parties shall exchange copies of their exhibits twenty days prior to the evidentiary hearing.  Any objections to exhibits may be raised at the hearing.

1. No other exhibits will be permitted to be introduced unless:

      a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

      b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2 " below.

2. Within the ten day period prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so

that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proffering party demonstrates:

    a. The exhibits could not reasonably have been discovered earlier;

    b. The court and the opposing party were promptly informed of their existence; or

    c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (# 34) is denied;

2. An evidentiary hearing is scheduled for November 7, 2008, at 9:00 a.m. before the undersigned; the parties shall prepare for hearing in accordance with the terms set forth in this order.

DATED: 09/08/08                        /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

wim289.evi