IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY WIMBERLY,

       Plaintiff,              No. CIV S-06-0289 JAM GGH P

   vs.

COUNTY OF SACRAMENTO, et al.,

       Defendants.     <u>ORDER</u>

_____/

      Plaintiff is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against defendants Sacramento County, Sacramento County and Sheriff Lou Blanas.  Plaintiff alleges that defendants followed an unofficial policy requiring inmates of the same race to be housed together.

      This action is set for an evidentiary hearing on November 7, 2008, regarding defendants' motion to dismiss for failure to exhaust administrative remedies.  On October 20, 2008, defendants filed a witness list.  Defendants state that they intend to call plaintiff and Sergeant Hom as witnesses.

/////

/////

/////

1

On October 17, 2008, plaintiff filed a witness list.  For the following reasons, the court grants in part and denies in part plaintiff's request for witnesses.

In the original motion to dismiss, defendants argued that plaintiff failed to exhaust his administrative remedies.  In order to exhaust administrative remedies at the Sacramento County Jail, an inmate must proceed through three levels of review.  The first level of review is informal resolution and provides that an inmate must first direct his problem to the Housing Unit Officer.  If the officer does not resolve the issue, the inmate may file a formal written grievance.  The second level of review is a formal written grievance which must be turned into a Housing Unit Deputy who shall resolve the problem if possible.  If the Housing Unit Deputy does not resolve the problem, the grievance is forwarded to the Sergeant.  The Sergeant shall then take any appropriate action necessary to resolve the problem.  If the Sergeant is unable to resolve the problem, the package is forwarded to the Executive Lieutenant within ten days.  The Executive Lieutenant has five days to respond.  The third level of review is the Jail Commander.

In support of the motion to dismiss, defendants submitted the declaration of Brendon Hom, the Administrative Sergeant in the Executive Office at the Sacramento County Jail.  According to Sergeant Hom, his search of the inmate grievance database at the jail revealed no grievances filed by plaintiff regarding the claims raised in this action.

In his opposition, plaintiff claimed that in April and November 2003 he filed grievances regarding the at-issue housing policy.  Plaintiff claimed that jail officials refused to respond to these grievances.  In a declaration filed December 21, 2007, plaintiff claimed that his April 2003 grievance was collected by Deputy Hatfield.  Plaintiff also claimed that he discussed his grievance with Deputy Gilstrap.  Plaintiff claimed that Deputy Weidman collected the November 2003 grievance and that Lieutenant Powell interviewed him regarding it.  Plaintiff claimed that he received no written responses to these grievances.

/////

/////

1    In his October 17, 2008, pleading, plaintiff identifies the following witnesses: 1)

2  Deputy Hatfield; 2) Deputy Weidman; 3) Jail Commander Powell; 4) Sheriff's Legal Counsel

3  Jones; 5) Gregory Stevenson; 6) Sutter Nyugen; 7) Lizbeth Colon; 8) Fontini Huntley, 8) Tim

4  Franklin.

5    Plaintiff's request to call Deputy Hatfield, Deputy Weidman and Jail Commander

6  Powell is granted.  Plaintiff clarifies in the request for witnesses that Jail Commander Powell is

7  the same "Lieutenant" Powell who interviewed him regarding his November 2003 grievance.

8  The court will order the Clerk of the Court to prepare and issue the subpoenas for these

9  witnesses.  Counsel for defendants shall then serve these subpoenas.

10    Plaintiff claims that Sheriff's Counsel Jones will offer testimony that he received

11  correspondence from plaintiff regarding the refusal of jail officials to respond to his grievances.

12  This testimony is not sufficiently demonstrative of whether plaintiff actually filed his grievances.

13  Accordingly, plaintiff's request to call Counsel Jones is denied.

14    Plaintiff's remaining proposed witnesses are all present or former inmates at the

15  Sacramento County Jail.  Plaintiff claims that inmates Stevenson and Stevenson would testify

16  that they saw Deputy Hatfield receive plaintiff's grievance in April 2003.  Plaintiff himself may

17  testify to this matter.

18    Plaintiff claims that inmates Nguyen, Colon, Huntley and Franklin would testify

19  regarding their experience filing administrative grievances at the Sacramento County Jail.  This

20  evidence is not relevant to the issues to be addressed at the evidentiary hearing.

21    For the reasons discussed above, plaintiff's request to call the inmate witnesses

22  identified in his October 17, 2008, pleading is denied.

23    Accordingly, IT IS HEREBY ORDERED that:

24    1.  Plaintiff's request to call witnesses contained in his October 17, 2008, witness

25  list is granted as to Sacramento County Deputy Sheriff Hatfield, Deputy Sheriff Weidman and

26  Jail Commander Powell; plaintiff's request is denied in all other respects;

1    2. The Clerk of the Court is directed to prepare and issue subpoenas for witnesses

2 Hatfield, Weidman and Powell; the Clerk shall then serve these subpoenas on defense counsel

3 who shall than serve the subpoenas on the witnesses.

4 DATED: 10/22/08

              /s/ Gregory G. Hollows

             _____

              UNITED STATES MAGISTRATE JUDGE

wimb.ord