IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY WIMBERLY,

    Plaintiff,                              No. CIV S-06-289 JAM GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.                        FINDINGS & RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 12, 2007, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) on grounds that plaintiff failed to exhaust administrative remedies.[1] On August 27, 2008, the court set for evidentiary hearing the issue of plaintiff's administrative exhaustion. On November 7, 2008, the evidentiary hearing was held. After carefully considering the record, the court recommends that defendants' motion be granted.

/////

---

[1] In the July 12, 2007, motion, defendants also moved to dismiss on other grounds. On August 27, 2008, the court granted in part and denied in part the motion to dismiss on these other grounds.

1

II. <u>Discussion</u>

This action is proceeding on the original complaint filed February 10, 2006, against defendants Sacramento County, Sacramento Sheriffs Department and Sheriff Lou Blanas. Plaintiff alleges that he was housed in the Sacramento County Jail as a pretrial detainee from December 2002 for approximately one year. Complaint, ¶¶ 12, 15. Plaintiff alleges that defendants' unofficial policy of requiring inmates of the same race to be housed together violated the Equal Protection Clause.

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The defendant bears the burden of raising and proving absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." <u>Id.</u>

In <u>Booth v. Churner</u>, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).

In order to exhaust administrative remedies at the Sacramento Jail, an inmate must proceed through three levels of review. Defendants' Exhibit B, ¶ 2. The first level of review is informal resolution and provides that an inmate must first direct his problem to the Housing Unit Officer. <u>Id.</u>, ¶ 3. If the officer does not resolve the issue, the inmate may file a formal written grievance. <u>Id.</u>

/////

The second level of review is a formal written grievance which provides that an inmate must file a grievance within five calendar days of the incident regarding any condition of confinement. Id., ¶ 4. Any written grievance must be turned into a Housing Unit Deputy who shall resolve the problem if possible. Id. If the Housing Unit Deputy does not resolve the problem, the grievance is forwarded to the Sergeant. Id. The Sergeant shall then take any appropriate action necessary to resolve the problem. Id. If the Sergeant is unable to resolve the problem, the package is forwarded to the Executive Lieutenant within ten days. Id. Once the Executive Lieutenant receives the package, he has five days to respond. Id.

The third level of review is an appeal to the jail commander. Id., ¶ 5. Once an inmate receives a reply to a written grievance and is dissatisfied with the reply, he may send a written appeal to the jail commander. Id.

In support of their motion to dismiss, defendants referred to the declaration of Brendon Hom, the Administrative Sergeant in the Executive Office at the Sacramento County Jail. Motion to Dismiss, Exhibit B. Sergeant Hom stated that he searched the inmate grievance database at the jail which maintains all inmate grievances filed in the ordinary course of business. Id., ¶ 7. His search did not reveal any grievances filed by plaintiff regarding the claims raised in the instant action. Id.

In his opposition filed September 4, 2007, plaintiff alleged that in April and November 2003 he filed grievances regarding the racially discriminatory housing policy. Plaintiff claimed that jail officials refused to respond to these grievances. On December 6, 2007, the court ordered plaintiff to file a declaration describing in detail these grievances and his attempt to file them.

On December 21, 2007, plaintiff filed a declaration stating that his April 2003 grievance was collected by Deputy Hatfield, the acting housing officer. Plaintiff discussed this grievance with Deputy Gilstrap. The November 2003 grievance was collected by Deputy Weidman, the acting housing officer. Plaintiff was interviewed by Lieutenant Powell regarding

this grievance. Plaintiff received no written responses to these grievances.

Because of the factual disputes, the court ordered an evidentiary hearing. In the January 28, 2008, the court stated that if jail officials failed to follow the regulations by providing plaintiff with a written response to his grievances, then plaintiff had exhausted his administrative remedies. Cf. Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998) (when a prisoner has undertaken all possible appeals but the prison authorities fail to respond within the required time period, the prisoner has exhausted administrative remedies).

At the evidentiary hearing, held November 7, 2008, plaintiff testified on his own behalf. In addition, the court granted plaintiff's request to call three witnesses: Captain Powell, Deputy Hatfield and Deputy Wiedman. Defendants called Sergeant Hom as a witness. The court will now summarize the relevant testimony.

Plaintiff testified that between December 2002 and December 2003 that he filed between 15-20 grievances while housed at the Sacramento County Jail. The grievance form contains a pink copy that is supposed to be returned to the inmate. Plaintiff did not receive the pink copy back after filing his grievances in April and November 2003. Plaintiff testified that he stuck the April 2003 grievance in his cell door, which was later picked up by Deputy Hatfield. Plaintiff wrote a letter to Scott Jones, legal advisor for the Sacramento County Sheriff's Department, regarding this matter. Plaintiff received a response from Scott Jones but had since lost it.

Plaintiff testified that he submitted his November 2003 grievance to Deputy Wiedman during pill call. Plaintiff testified that Deputy Wiedman told him that he would give him a receipt for the grievance, i.e. the pink copy, but never did so. Plaintiff testified that approximately two weeks after submitting the grievance, he spoke with then-Lieutenant Powell in the strip search room for approximately 5-7 minutes regarding the grievance. Lieutenant Powell told plaintiff that he could not get the relief he wanted.

/////

Captain Powell testified that he did not recognize plaintiff. He also testified that he had no memory of discussing mixed race celling with any inmate. He testified that the issue of mixed race celling was a classification/housing issue, which he did not deal with. He testified that this issue probably would have been directed to the classification sergeant.

Deputy Hatfield testified that he recognized plaintiff but did not remember receiving a grievance from him in April 2003. He also testified that it was his policy to sign the grievance then return the pink copy to the inmate right away. He also could not remember receiving a grievance from an inmate requesting permission to house with an inmate of a different race.

Deputy Wiedman testified that he recognized plaintiff but did not remember getting a grievance from plaintiff in November 2003. He also did not remember any request from an African American inmate, like plaintiff, requesting permission to house with an Asian American inmate, the alleged grounds of plaintiff's appeal. Deputy Wiedman testified that it was his policy to sign the grievance and then make sure that the inmate got his copy, i.e. the pink copy.

Sergeant Hom testified that a search of records at the Sacramento County Jail showed that plaintiff had filed 18 grievances from November 2002 to November 2003. Each of these grievances had been responded to. There were no records of grievances filed by plaintiff in April or November 2003.

At the conclusion of the evidentiary hearing, plaintiff told the court that the inmate with whom he had wanted to house in November 2003, Sutter Nguyen, also filed a grievance regarding that matter. The court ordered defendants to inform the court within ten days whether there was any record of a grievance filed by Sutter Nguyen in November 2003 regarding mixed race housing. The court also ordered defendants to file a declaration from Scott Jones regarding whether he received a correspondence from plaintiff regarding mixed race housing and whether he responded to it.

On November 17, 2008, defendants filed the declaration of Scott Jones. He states that a review of his records show that he drafted a letter to plaintiff on January 12, 2004, regarding his complaints about the handling of his indigent mail. In addition, he reviewed the records of grievances from the Sacramento County Main Jail, and the records reflect that he responded to plaintiff's grievance of November 26, 2003, regarding his complaints about his right of access to the jail law library. He has no record and no independent recollection of discussing, or writing or receiving correspondence to/from plaintiff regarding a request to be housed with non-black inmates or not to be housed with black inmates during his incarceration at the Sacramento County Jail.

On November 17, 2008, defendants also submitted the declaration of C. Hounihan, Sacramento County Sheriff's Records Officer. C. Hounihan states that he researched the records for any grievances received by the jail for former inmate Sutter Nguyen. He located two grievances submitted by inmate Nguyen, one in November 2003 and one in December 2003. These grievances, attached to C. Hounihan's declaration, concern law library access and money missing from his trust account.

After carefully reviewing the evidence, the court finds that defendants have met their burden of demonstrating that plaintiff failed to exhaust his administrative remedies. As stated by the court at the evidentiary hearing, all witnesses were credible. While it appears that plaintiff sincerely believes that he submitted two grievances regarding mixed race housing in April and November 2003, no evidence, aside from plaintiff's say-so, supports this claim. There is no record of any grievance filed by plaintiff regarding mixed race housing. Scott Jones cannot locate any correspondence plaintiff claims he sent to him regarding these grievances. No grievance by inmate Nguyen regarding this matter can be located.

The court suspects that because plaintiff filed 18 grievances from November 2002 through November 2003, he most likely has mistaken the alleged grievances regarding mixed race housing for other grievances he actually filed. In other words, because plaintiff filed

numerous grievances he simply lost track of those he filed and those he intended to file.

The court's finding is supported by the fact that the Sacramento County Jail has records for 18 grievances filed by plaintiff from November 2002 through November 2003. Plaintiff himself estimated that he filed between 15 and 20 grievances during this time. Based on this thorough record keeping, it is unlikely that the jail misplaced, either intentionally or inadvertently, the two grievances plaintiff's claims he filed in April and November 2003.

Plaintiff argues that jail officials deliberately tore up his grievances because they concerned a touchy issue. The applicable standard in the Ninth Circuit at the time of the alleged constitutional violation was that a prison policy which used race as a factor only had to be "reasonably related to a legitimate penological interest." Johnson v. California, 321 F.3d 791, 799 (9th Cir. 2003), overruled by Johnson v. California, 543 U.S. 499, 125 S.Ct. 1141 (2005). In Johnson, the Ninth Circuit found the consideration of race in housing assignments to be reasonably related to the penological interest of prison safety and security. Johnson, 321 F.3d at 803. In 2005, well after the incidents complained of in the instant action, the Supreme Court overturned Johnson, holding that all racial classifications are subject to strict scrutiny. Therefore, in 2003, the issue of mixed race housing was not the "touchy issue" plaintiff claims.

Finally, at the evidentiary hearing there was much testimony regarding the procedures used by the jail to process inmate grievances. Both Deputies Wiedman and Hatfield credibly testified that it was their practice to return a copy of the grievance, i.e. the pink copy, to the inmate. This testimony contradicted plaintiff's testimony that these deputies did not return the pink copy of his grievance to him.

For the reasons discussed above, the court finds that defendants have met their burden of demonstrating that plaintiff failed to exhaust administrative grievances before filing this action.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' July 12, 2007, motion to dismiss (no. 20) be granted on grounds that plaintiff failed to exhaust his

1  administrative remedies.

2       These findings and recommendations are submitted to the United States District
3  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
4  days after being served with these findings and recommendations, any party may file written
5  objections with the court and serve a copy on all parties.  Such a document should be captioned
6  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
7  shall be served and filed within ten days after service of the objections.  The parties are advised
8  that failure to file objections within the specified time may waive the right to appeal the District
9  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10 DATED: December 16, 2008

/s Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

13 wim289.fr